UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADO LOPEZ NOLASCO, A- 248-004-944,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, KROME NORTH SERVICE PROCESSING CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-08268-DC-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This case was transferred to this court on September 28, 2026, and referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1). The petition and respondents' response to an order to show cause issued by the transferring court are before the court. (ECF Nos. 1, 7.) Respondent also filed the most recent I-213 form available for petitioner. (ECF No. 11.) No further briefing is necessary. For the reasons set forth below, the undersigned recommends the court grant the petition and order respondent to provide petitioner a bond hearing before an immigration judge.

**I. Background**

Petitioner is a native and citizen of Mexico who was detained by ICE on September 6, 2026, following a traffic stop. (ECF No. 11 at 4.) Petitioner has been held continuously in custody

since then without being provided an individualized bond hearing. (ECF No. 1 at 2.)

Petitioner seeks release from custody, or, alternately, a prompt individualized hearing regarding his continued detention. (ECF No. 1 at 3.) Respondent does not oppose petitioner's request for relief that he be provided a bond hearing before an immigration judge. (ECF No. 5 at 5.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

## III. Discussion

Petitioner was present in the interior of the United States when he was detained by ICE. Thus, the applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). Under 8 U.S.C. § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022).

Respondents have violated 8 U.S.C. § 1226(a) by not providing petitioner an opportunity for individualized review by an immigration judge of his custody status for more than a month since he was detained on September 6, 2026. Habeas relief is warranted. Considering § 1226(a)'s discretionary detention framework, and the absence of evidence of any prior release on bond pursuant to § 1226(a), the undersigned recommends an order directing respondents to provide a bond hearing as the appropriate remedy. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney

General to arrest and detain noncitizens pending removal proceedings).

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Petitioner's motion for appointment of counsel (ECF No. 3) be denied as moot.
3. Respondents be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
4. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **five (5)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 nola8268.mer